## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ─────────────────────── x | |
| : | **Civil Action No.:** |
| GLENN D. FENDERSON and DEBRA : | |
| A. MILLER, on behalf of themselves : | **COMPLAINT - - CLASS ACTION** |
| and others similarly situated, : | |
| : | |
| Plaintiffs, : | **JURY TRIAL DEMANDED** |
| : | |
| v. : | |
| : | |
| FREDERICK J. HANNA & : | |
| ASSOCIATES, P.C., : | |
| : | |
| Defendant. : | |
| ─────────────────────── x | |

## NATURE OF ACTION

1.      This is a class action brought under the Fair Debt Collection Practices

Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2.      Congress enacted the FDCPA in 1977 to "eliminate abusive debt

collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to

"abundant evidence of the use of abusive, deceptive, and unfair debt collection

practices by many debt collectors," which Congress found to have contributed "to

the number of personal bankruptcies, to marital instability, to the loss of jobs, and

1

to invasions of individual privacy." 15 U.S.C. § 1692(a).   As the Consumer Financial Protection Bureau ("CFPB")—the Federal agency tasked with enforcing the FDCPA—recently explained, "[h]armful debt collection practices remain a significant concern today. The CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]   In fact, in 2013, over one-third of the complaints received by the CFPB involved debt collectors' attempts to collect debts that consumers did not owe.[2]

3.     To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and consumers' rights. 15 U.S.C. § 1692g(a). A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a).

---

[1]     *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf

[2]     *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2014* at 9-10 (2014) ("CFPB 2014 Report"), http://files.consumerfinance.gov/f/201403_cfpb_fair-debt-collection-practices-act.pdf

4.    Pertinent here, the validation notice must advise the consumer of her rights to dispute the debt and that if the consumer disputes the debt in writing, the debt collector must "obtain verification of the debt or a copy of a judgment against the consumer" and mail "a copy of such verification or judgment" to the consumer. *Id.*, § 1692g(a)(4).

5.    If the consumer disputes the debt in writing within thirty days of receiving such a notice, the debt collector must also "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt" and mail the consumer a copy of that verification. *Id.*, § 1692g(b).

6.    As noted by the CFPB and the Federal Trade Commission, "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

7.    This case centers on the failure of Frederick J. Hanna & Associates, P.C. ("Defendant") to properly provide the disclosures required by 15 U.S.C. § 1692g in its initial written communications to Georgia and Maryland consumers, or within five days thereafter.

## PARTIES

8.    Glenn D. Fenderson ("Mr. Fenderson") is a natural person who at all relevant times resided in Carroll County, Maryland.

9.    Debra A. Miller ("Ms. Miller") is a natural person who at all relevant times resided in Gwinnett County, Georgia.  Mr. Fenderson and Ms. Miller are collectively hereinafter referred to as "Plaintiffs."

10.    Plaintiffs are each obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

11.    Plaintiffs' obligations, or alleged obligations, owed or due, or asserted to be owed or due, each arise from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely a personal credit card issued by Bank of America, N.A. (collectively, the "Debts").

12.    Plaintiffs are each a "consumer" as defined by 15 U.S.C. § 1692a(3).

13.    Defendant is a professional corporation with its corporate headquarters in Cobb County, Georgia.

14.    Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

15.     At all relevant times, Defendant acted on behalf of, and as an agent of, Bank of America, N.A.  Bank of America, N.A. hired Defendant to collect the Debts from Plaintiffs.

16.     At the time Bank of America, N.A. hired Defendant to collect the alleged Debts from Plaintiffs, the alleged Debts were in default.

17.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

18.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

19.     This Court has jurisdiction pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

20.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where some of the acts and transactions giving rise to Plaintiffs' action occurred in this District, where Ms. Miller resides in this District, and where Defendant transacts business in this District and has its corporate headquarters in this District.

## FACTUAL ALLEGATIONS

21.   On or about December 22, 2014, Defendant sent a written communication to Mr. Fenderson in connection with the collection of the debt allegedly owed by him.  A true and correct copy of the December 22, 2014 communication to Mr. Fenderson is attached hereto as **Exhibit A**.

22.   Also on or about December 22, 2014, Defendant sent a written communication to Ms. Miller in connection with the collection of the debt allegedly owed by her.  A true and correct copy of the December 22, 2014 communication to Ms. Miller is attached hereto as **Exhibit B**.

23.   The December 22, 2014 communications were the first communications Mr. Fenderson and Ms. Miller received from Defendant.

24.   Mr. Fenderson and Ms. Miller did not receive any additional communications from Defendant within five days of the December 22, 2014 communications.

25.   The December 22, 2014 communications to Mr. Fenderson and Ms. Miller both stated that Defendant "has been retained by Bank of America, N.A., successor-in-interest to FIA Card Services (the "Bank"), in connection with the above-referenced account.  Please be advised that the Bank intends to invoke its right to file a lawsuit against you." *See* Exs. A, B.

26.     The December 22, 2014 communications then stated:

If you notify this firm within thirty (30) days after your receipt of this letter, that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment, if any, and mail a copy of such verification or judgment to you.  Upon your written request within the same thirty (30) day period mentioned above, we will provide you with the name and address of the original creditor, if different from the current creditor.

Exs. A, B.

27.     Defendant's December 22, 2014 communications also stated:

This communication is from a debt collector.  We are attempting to collect a debt and any information obtained will be used for that purpose.

Exs. A, B.

28.     Defendant's December 22, 2014 communications violated 15 U.S.C. §1692g(a)(4) by failing to inform Plaintiffs that Defendant need only mail verification of the debts, or a copy of the judgment, if any, to them if they disputed the debts *in writing*.

29.     That is, a debt collector need only provide verification of a debt, or a copy of an applicable judgment, if the consumer disputes the debt in writing.  By failing to include this "in writing" requirement in its initial debt collection letter, Defendant misstated Plaintiffs' rights under the FDCPA.

30.     Defendant's December 22, 2014 communications imply to the least-sophisticated consumer that there is one standard if the consumer wants to obtain

the name and address of the original creditor within the thirty day time period—
send a writing—and a different standard if the consumer wants to obtain
verification of the debt or a copy of any judgment—call *or* send a written dispute.

31.    Defendant's misstatement of the rights afforded by the FDCPA would
cause the least-sophisticated consumer to understand, incorrectly, that a debt
validation request would be triggered by disputing the debt orally or by means
other than in writing.  Such a misunderstanding could lead the least-sophisticated
consumer to waive or otherwise not properly vindicate her rights under the
FDCPA.

32.    Moreover, failing to dispute the debt in writing would cause a
consumer to waive the important protections afforded by 15 U.S.C. §1692g(b)—
namely, that a debt collector cease contacting the consumer until the debt collector
provides the consumer with verification of the alleged debt.

33.    As one district court explained:

An oral notice of dispute of a debt's validity has different legal
consequences than a written notice. Section 1692g(b) provides that if
the consumer notifies the collector of a dispute *in writing* within the
30–day period, the collector must cease collection activities until he
obtains the verification or information required by subsections
1692g(a)(4) and (a)(5). But if the consumer disputes the debt orally
rather than in writing, the consumer loses the protections afforded by
§ 1692g(b); the debt collector is under no obligation to cease all
collection efforts and obtain verification of the debt. *Withers v.
Eveland,* 988 F. Supp. 942, 947 (E.D.Va.1997). An oral dispute

"triggers multiple statutory protections," but these protections are not identical to those triggered by a written dispute. *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005). As the Ninth Circuit has explained, the FDCPA "assigns lesser rights to debtors who orally dispute a debt and greater rights to debtors who dispute it in writing." *Id.* at 1082.

*Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 869-70 (S.D. Tex. 2011) ("Every district court to consider the issue has held that a debt collector violates § 1692g(a) by failing to inform consumers that requests under subsections (a)(4) and (a)(5) must be made in writing.")

34.    Upon information and good-faith belief, Defendant's December 22, 2014 communications are based on a form template used by Defendant to collect consumer debts in default on behalf of Bank of America, N.A.

## CLASS ACTION ALLEGATIONS

35.    Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class consisting of:

> (a) All persons with a Georgia or a Maryland address, (b) to whom Frederick J. Hanna & Associates, P.C. mailed an initial debt collection communication that stated: "If you notify this firm within thirty (30) days after your receipt of this letter, that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment, if any, and mail such verification or judgment to you," (c) in the one year preceding the date of this complaint, (d) in connection with the collection of a consumer debt.

Excluded from the Class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

36.     The proposed Class satisfies Fed. R. Civ. P. 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.  The exact number of Class members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery.  The proposed Class is ascertainable in that, upon information and belief, the names and addresses of all members of the proposed Class can be identified in business records maintained by Defendant.

37.     The proposed Class satisfies Fed. R. Civ. P. 23(a)(2) and (3) because Plaintiffs' claims are typical of the claims of the members of the Class.  To be sure, the claims of Plaintiffs and all of the members of the Class originate from the same conduct, practice, and procedure on the part of Defendant, and Plaintiffs possess the same interests and have suffered the same injuries as each member of the proposed Class.

38.     Plaintiffs satisfy Fed. R. Civ. P. 23(a)(4) because they will fairly and adequately protect the interests of the members of the Class and have retained counsel experienced and competent in class action litigation.  Plaintiffs have no

interests that are contrary to or in conflict with the members of the Class that she seeks to represent.

39.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

40.     Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

41.     Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the Class.  Among the issues of law and fact common to the Class are:

    a)  Defendant's violations of the FDCPA as alleged herein;

    b)  Defendant's failure to properly provide in its initial debt collection letter the disclosures required by 15 U.S.C. § 1692g;

    c)  the existence of Defendant's identical conduct particular to the matters at issue;

11

d)  the availability of statutory penalties; and

e)  the availability of attorneys' fees and costs.

## COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692g(a)(4)

42.     Plaintiffs repeats and re-allege each and every allegation contained in

paragraphs 1 through 41.

43.     15 U.S.C. § 1692g provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's *written* request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector ***in writing*** within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(emphasis added).

44.    Defendant's December 22, 2014 communications were its initial communications to Mr. Fenderson and Ms. Miller, respectively.

45.    The December 22, 2014 communications were in connection with an attempt to collect the Debts from Plaintiffs.

46.    At the time Defendant acquired the Debts for collection, they were considered to be in default.

47.    The December 22, 2014 communications did not contain the proper disclosures required by 15 U.S.C. §1692g, nor did Defendant provide such disclosures within five days thereafter.

48.    Specifically, the December 22, 2014 communications violated 15 U.S.C. §1692g(a)(4) by failing to inform Plaintiffs that Defendant need only mail

verification of the debt to them, and a copy of any judgment, if they notified Defendant of their request in writing.

49.     As a result, Defendant violated 15 U.S.C. §1692g(a)(4).

**WHEREFORE**, Plaintiffs respectfully request for relief and judgment, as follows:

A.  Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B.  Adjudging and declaring that Defendant violated 15 U.S.C. §1692g(a)(4);

C.  Awarding Plaintiffs and members of the Class statutory damages pursuant to 15 U.S.C. §1692k in the amount of $1,000.00 per class member;

D.  Enjoining Defendant from future violations of 15 U.S.C. §1692g(a)(4) with respect to Plaintiffs and the Class;

E.  Awarding Plaintiffs and members the Class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. §1692k and Rule 23 of the Federal Rules of Civil Procedure;

F.  Awarding Plaintiffs and the members the Class any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Awarding other and further relief as the Court may deem just and proper.

### TRIAL BY JURY

Plaintiffs are entitled to and hereby demand a trial by jury.

### <u>Local Rule 7.1D Certification</u>

The undersigned counsel certifies that the foregoing was prepared using Times New Roman 14 point, a font and point selection approved by LR 5.1B.

*/s/ Marques J. Carter*
Marques J. Carter, Esq.

15

DATED:  April 2, 2015                    Respectfully submitted,


                                         */s/ Marques J. Carter*
                                         Marques J. Carter, Esq.
                                         Georgia Bar No.:105133
                                         Law Office of Marques J. Carter
                                         3400 Chapel Hill Road, Suite 100
                                         Douglasville, Georgia 30135
                                         Telephone:  (404) 593-7456
                                         Facsimile:   (678) 954-6587
                                         mjclawllc@comcast.net

                                         Jesse S. Johnson*
                                         Greenwald Davidson Radbil PLLC
                                         5550 Glades Road, Suite 500
                                         Boca Raton, FL 33431
                                         Telephone:  (561) 826-5477
                                         Facsimile:   (561) 961-5684
                                         jjohnson@gdrlawfirm.com

                                         Counsel for Plaintiffs and the proposed
                                         Class

                                         * to seek admission *pro hac vice*